# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Bo Kang,

    Plaintiff,   Case No. 18-cv-13617

v.          Judith E. Levy
           United States District Judge

Systems Capital Real Property
Corporation and McDonald's  Mag. Judge Elizabeth A. Stafford
Corporation,

    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [7]

This is a case about an easement and the accompanying obligations for the easement holder. Plaintiff Bo Kang and defendants Systems Capital Real Property Corporation and McDonald's Corporation are adjacent property owners in Southfield, Michigan. They dispute whether an easement still exists and its attendant obligations. The purpose of the easement was for a sewer line to run under plaintiff's parking lot, the burdened parcel, and was used at some point by occupants on defendants'

property, the benefitting parcel.[1] (*Id.* at 3.) The benefitting parcel required use of plaintiff's sewer line because it could not access the public sewer line on the nearby main road. (*Id.*)

Plaintiff contends that an easement by necessity arose because defendants could not access the public sewer line. (*Id.*) He further pleads that he only learned of defendants' use of the sewer line when defendants asked him to sign a written easement in 2008, which he signed. (*Id.*) Plaintiff makes no additional mention of this written easement or whether it was terminated. Though plaintiff characterizes the easement as one by necessity, it appears equally likely that the easement exists expressly.

On October 12, 2018, plaintiff filed a complaint in the Circuit Court of Oakland County alleging that the nonuse of the sewer line impairs the value of his property. (Dkt. 1-1 at 2.) Soon after, defendants removed the case pursuant to 28 U.S.C. § 1332. (Dkt. 1.) Plaintiff filed an amended complaint on November 20, 2018. (Dkt. 2.) Before the Court is defendants'

---

[1] It is unclear from the face of the complaint whether defendants have owned the adjacent property since the creation of the easement or whether prior occupants owned the property when the easement arose.

2

motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6).[2] (Dkt. 7.)

## I. Legal Standard

On a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It need not contain "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] On February 11, 2019, the Court granted plaintiff's motion to extend the deadline to file his response to the motion to dismiss and ordered the parties to provide additional briefing on whether plaintiff has standing to pursue his claim. (Dkt. 12.) Plaintiff responded that the Court cannot apply the federal standing doctrine to diversity actions (Dkt. 13 at 11), but this is incorrect, *Hagy v. Demers & Adams*, 882 F.3d 616, 624 (6th Cir. 2018) (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 495 (6th Cir. 1999); 13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3531.14 (3d ed. 2017)). Nonetheless, the Court is satisfied that plaintiff has pleaded an actual or imminent injury—a diminution in property value. (Dkt. 2 at 3–4.)

## II. Analysis

Plaintiff fails to state a claim because (1) it is unclear whether an express or implied easement by necessity exists, if an easement exists at all, and what law obligates defendants to remove the sewer line in either case, and (2) plaintiff fails to plead when his injury occurred, impermissibly evading the application of the statute of limitations.

### A. Easement and Accompanying Obligations

Plaintiff maintains that defendants' nonuse[3] of the sewer line is the source of his injury and defendants are thus required to remove it. He fails to allege that an easement by necessity exists, but also appears to plead that an express easement exists. Regardless of whether an easement by necessity or express easement exists, plaintiff does not cite Michigan law, statutory or otherwise, to support his contention that defendants are obligated to remove the sewer line.

An easement by necessity exists if the use is one of strict necessity, which requires that the easement be the only means available to achieve

---

[3] Plaintiff uses the term "abandonment" in his complaint, but it appears that he employs the term to descriptively mean nonuse rather than its meaning as a term of art. Moreover, Michigan law requires intent to abandon an easement. As explained below, plaintiff does not plead the requisite intent that defendants must have to legally abandon the easement.

4

the user's desired ends. *Charles A. Murray Tr. v. Futrell*, 303 Mich. App. 28, 55–58 (2013) (reasoning that strict necessity is lacking where the plaintiffs claimed an easement by necessity to drive over the defendant neighbors' lots because a different, albeit more difficult, route existed that did not intrude on the defendants' lots). An easement by necessity may be lost in two ways: when the strict necessity justifying its use no longer exists, *id.* at 42 (citing *Waubun Beach Ass'n v. Wilson*, 274 Mich. 598, 609 (1936)), or through abandonment, *Goodman v. Brenner*, 219 Mich. 55, 60 (1922).

If there were an easement by necessity in this case, it no longer exists according to the facts set forth in the complaint. It is clear that at some point, the occupants of defendants' property had an easement by necessity to build and maintain a sewer line because they could not access the public sewer line on the main road. Although the sewer line itself still physically exists, the defendants lost the easement by necessity because the strict necessity that previously justified the easement no longer exists, as demonstrated by the nonuse of the sewer line. As set forth below, defendants no longer have any of the obligations attached to the maintenance of an easement.

Plaintiff claims defendants have an obligation to remove the sewer lin because Michigan law requires that the party benefitting from an easement bear the burden for maintenance and repair of the easement (Dkt. 1-1 at 6), but he fails to provide caselaw imposing any obligation, much less one to remove the subject of an easement by necessity, if the easement no longer exists. Indeed, defendants no longer have any property interest in the sewer line if the easement by necessity is gone. Therefore, to the extent plaintiff pleads that the nonuse of an easement by necessity injured him, he has no cause of action because although the sewer line still exists, the easement does not.

It appears equally likely from the face of the complaint that an express easement existed at some point, but this is of equally little help to plaintiff. Construing the complaint in the light most favorable to plaintiff, he has pleaded that an express easement existed since 2008, despite his characterization of the easement as one of necessity, and that it continues to operate, despite his allegations of nonuse. Regardless of the easement classification, plaintiff still does not point to, and the Court could not find in its own research, an easement owner's duty to remove a structure that is the reasoning for obtaining the easement.

Abandonment is one basis to terminate an express easement. *See Odoi v. White*, 342 Mich. 573, 576 (1955); *see also Marvin M. Brandt Revocable Tr. v. United States,* 572 U.S. 93 (2014) (citing *Smith v. Townsend*, 148 U.S. 490, 499 (1893)). Abandonment requires nonuse and intent. *Goodman*, 219 Mich. at 60. To establish intent, defendants must demonstrate "some clear and decisive act . . . showing an intention to abandon and release [their] right." *Id.*

Plaintiff does not plead that defendants intended to abandon the sewer line, and so defendants cannot have abandoned the easement. Defendants' nonuse of the sewer line alone is insufficient. Therefore, the express easement still exists.[4]

In any case, plaintiff again fails to demonstrate that defendants owe him a duty to *remove* the sewer line. Rather, "an individual who has an easement over another's property is required to maintain and repair it." *Fry v. Kaiser*, 60 Mich. App. 574, 580 (1975) (citing *Moore v. White*, 159 Mich. 460 (1909)). For these reasons, even if the easement does exist, the duty to maintain would not lead to the duty to remove.

---

[4] Even if the express easement does not exist, it would still not give rise to an obligation to remove the subject of the easement for the same reasons set forth above regarding an easement by necessity.


7

In sum, plaintiff fails to state a claim. There is no duty to remove the structure that was the purpose of the easement if the easement no longer exists, nor is there a duty to remove the structure for the purpose of the easement if the easement still exists.

**B. Statute of Limitations**

Even if plaintiff could show that defendants have a legal obligation to remove the sewer line, he does not adequately plead when his alleged injury, the devaluation of his property, accrued. Plaintiff alleges that nonuse of the sewer line is the basis of his injury. (Dkt. 1–1 at 5.) He contends that the easement by necessity was "abandoned," but that a written easement was executed in 2008. (*Id.*) Consequently, the Court cannot discern a date—or even a time frame—when the alleged injury occurred. Without a date of injury, the nonuse, the Court cannot apply the applicable three-year statute of limitations. Mich. Comp. Laws § 600.5805. Plaintiff cannot omit the date of his injury to evade the statute of limitations. *See Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (2008) (citing *Wright v. Heyne*, 349 F.3d 321, 330 (6th Cir. 2003)).

In his response to the Court's show cause order, plaintiff asserts that he suffers an injury "currently" because his property continues to be

8

devalued. (Dkt. 13 at 10.) But Michigan law is clear: the claim accrues at the time upon which the wrong was . . . done regardless of the time when damage results." Mich. Comp. Laws § 600.5805. As such, plaintiff's characterization of his injury as continuous is unhelpful. *Terlecki v. Stewart*, 278 Mich. App. 644, 657 (2008) (explaining that to discern the timing of an injury, courts should "sever[ ] the tortious acts from the harmful effects of those acts") (citing cases); *id.* at 654 ("[T]he continuing violations' doctrine is contrary to the language of [MCL 600.5805]." (quoting *Garg v. Cmty. Mental Health Servs.*, 472 Mich. 263, 266 (2005)); *Horvath v. Delida*, 213 Mich. App. 620, 627–28 (1995) ("[A] continuing wrong is established by continual tortious *acts*, not by the continual harmful effects from an original, completed act." (emphasis in original) (citing cases)). For these reasons, plaintiff fails to state a claim for which relief can be granted.

### III. Conclusion

Plaintiff does not adequately plead that he has a cause of action. Regardless of whether the easement is express or implied, abandoned or in use, an obligation to remove the sewer line does not exist as a matter of law. And even if it did, plaintiff fails to plead facts that would permit

9

this Court to conclude that his claim is not barred by the statute of limitations.

Accordingly, defendants' motion to dismiss (Dkt. 7) is **GRANTED**, and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Dated: April 30, 2019　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 30, 2019.

　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　Case Manager